UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOWERY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>RHAPSODY INTERNATIONAL, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-01135-JSW<br><br>**ORDER REGARDING RHAPSODY'S EMERGENCY MOTION TO STAY ENFORCEMENTS OF ATTORNEYS' FEES AWARD WITHOUT BOND**<br><br>Re: Dkt. No. 277 |

Now before the Court for consideration is the motion by Defendant Rhapsody International, Inc. ("Defendant") to stay enforcement of the Court's judgment regarding attorneys' fees and costs award pending appeal without the need to post a bond. The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court finds the motion suitable for disposition without oral argument. For the reasons set forth below, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendant's motion.

**BACKGROUND**

On January 4, 2022, this Court issued an order setting out an award of attorneys' fees and costs in the amount of $1,720,441.57.

On January 20, 2022, Defendant filed an emergency motion to stay enforcement of the attorneys' fees award for 90 days without the posting of a bond. Defendant contends that it cannot afford to post a supersedeas bond in the amount of 125% of the award but within 60-90 days will

1  be in a better financial position to do so.

2  The Court shall address other relevant facts in the remainder of this order.

## ANALYSIS

### A.  Applicable Legal Standard.

Federal Rule of Civil Procedure 62(d) requires that a party appealing a monetary judgment obtain a supersedeas bond in order to obtain a stay on appeal. *See Vacation Village, Inc. v. Clark Cty.*, 497 F.3d 902, 913 (9th Cir. 2007); *see also Van v. Wal-Mart Stores, Inc.*, No. 08-cv-5296-PSG, 2015 WL 2345586, at *2 (N.D. Cal. May 14, 2015) ("The plain language of Rule 62(d) requires that a bond be posted to stay a judgment pending appeal . . . ."). This requirement is designed to protect appellees "from the risk of a later uncollectible judgment and compensate [them] for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). In general, a bond under Rule 62(d) should be sufficient to pay the judgment plus interest, costs, and any other relief that the appellate court may award. *See Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1027-28 (N.D. Cal. 2012).

District courts, however, have inherent authority in setting supersedeas bonds. *Rachel v. Banana Republic, Inc.*, 831 F.3d 1503, 1505 n.1 (9th Cir. 1987). This discretion includes the authority to set the amount of the bond, to permit an alternative form of security, or to waive the bond requirement. *See, e.g.*, *Cotton*, 860 F. Supp. 2d at 1027. To determine whether to waive Rule 62(d)'s bond requirement, courts apply the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal citations and quotation marks omitted); *see also Kranson v. Fed. Express Corp.*, No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) ("Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement."); *United States v. Moyer*, No. 07-

2

cv-0510-SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008) (noting that "courts often consider what are known as the *Dillon* factors" and citing cases). Ultimately, the appellant has a burden to "'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton*, 860 F. Supp. 2d at 1028.

### B. The Court Declines to Waive Rule 62(d)'s Bond Requirement Entirely.

The Court finds that Defendant has failed to objectively demonstrate sufficient reasons to have the Court depart from Rule 62(d)'s bond requirement in its entirety. In its discretion, the Court instead finds that a reduced bond amount would be sufficient to ensure payment and fairness to both parties.

Defendant's own arguments in support of the motion work against the company for purposes of the third and fourth *Dillon* factors. Defendant argues that the Court should waive Rule 62(d)'s bond requirement because requiring Defendant to secure a supersedeas bond as a condition of a stay would place an undue financial hardship on the company. This argument, almost by necessity, means that Defendant's ability to pay the final judgment is not so plain as to make a bond a waste of money. It also directly undermines the Court's confidence in Defendant's ultimate ability to pay the judgment.

Defendant nonetheless argues that the Court should waive Rule 62(d)'s bond requirement precisely because of the financial hardship such a requirement would place on the company. The Court is not entirely persuaded. The very purpose of the bond requirement is to protect the appellee's ability to eventually collect on the judgment. *See Westphal*, 859 F.2d at 819. Given that Defendant asserts that the judgment in this case presents an extreme financial burden, the Court believes a bond is necessary to protect Plaintiff's interest in eventual collection of the judgment. *See, e.g.*, *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 11-cv-3838-ODW, 2013 WL 361109, at *2 (C.D. Cal. Jan. 30, 2013) ("The fact that Inhale 'does not have sufficient liquid assets' to cover the award of attorneys' fees and costs is precisely why it must post a supersedeas bond."); *Sarver v. The Hurt Locker LLC*, No. 10-cv-09034-JHN, 2012 WL 12892147, at *3 (C.D. Cal. Feb. 2, 2012) ("The Court is sympathetic to the financial hardship to Plaintiff. However, the Court cannot place Defendants' statutory right to recovery at risk solely on the basis of Plaintiff's

3

ability to pay."); *Lewis v. United Joint Venture*, No. 07-cv-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) ("UJV's alleged illiquidity strengthens, not weakens, the need for an appropriate bond.").

The Court acknowledges that there may be cases in which requiring an appellant to post a supersedeas bond as a condition of a stay may pose such an undue financial burden. *See, e.g.*, *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated on reh'g on other grounds in* 929 F.2d 1357 (9th Cir. 1990) ("[T]he most common justification for allowing alternatives to a supersedeas bond is the financial hardship that the bond may impose on appellants . . . ."); *see also Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1189 (5th Cir. 1979) ("[I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement . . . which would furnish equal protection to the judgment creditor."). Defendant, however, has not demonstrated that requiring the company to secure a supersedeas bond of a lesser amount would constitute such an undue burden.

Accordingly, the Court finds that Defendant has not met their burden of demonstrating a reason to deviate from Rule 62(d)'s bond requirement in its entirety.

**C.   The Amount of the Bond.**

Traditionally, courts have required that appellants supply a supersedeas bond in the amount of 1.25 and 1.5 times the judgment. *See Cotton*, 860 F. Supp. 2d at 1029. The Court finds there is no reason to require a bond at the high end of the range, and given Defendant's representations about its current financial situation, the Court, in its discretion, sets the amount of the bond at half of the amount owed. Accordingly, the Court will require Defendant to submit a supersedeas bond in the amount of $860,220.00 which is .5 times the amount of the judgment in the amount of $1,720,441.57.

## CONCLUSION

For the foregoing reasons, Defendant's motion to stay enforcement of the judgment, without bond, pending appeal is GRANTED IN PART and DENIED IN PART. If Defendant

4

wishes to stay enforcement of the monetary judgment in this action pending appeal, they shall post a supersedeas bond in the amount of $860,220.00 by Thursday, February 3, 2022.

**IT IS SO ORDERED.**

Dated: January 28, 2022

_____
JEFFREY S. WHITE
United States District Judge