1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Karin Kramer (Bar No. 87346)
2  karinkramer@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California  94111-4788
   Telephone:     (415) 875-6600
4  Facsimile:     (415) 875-6700

5  Cory D. Struble (*Pro Hac Vice*)
   corystruble@quinnemanuel.com
6  51 Madison Avenue, 22nd Floor
   New York, New York 10010
7  Telephone:     (212) 849-7082
   Facsimile:     (212) 849-7100

8
   *Attorneys for Defendant,*
9  *Rhapsody International, Inc.*

10
                      **UNITED STATES DISTRICT COURT**
11
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12
                           **OAKLAND DIVISION**
13

14  DAVID LOWERY,                          Case No.  4:16-CV-01135-JSW
    VICTOR KRUMMENACHER,
15  GREG LISHER, and
    DAVID FARAGHER, individually and on    **DEFENDANT RHAPSODY**
16  behalf of themselves and all others similarly  **INTERNATIONAL INC.'S REPLY IN**
    situated,                              **SUPPORT OF CALCULATION OF**
                                           **FEES AFTER REMAND**
17               Plaintiffs,

18  v.

19  RHAPSODY INTERNATIONAL INC.,

20               Defendant.

21

22

23

24

25

26

27

28

In its recently-filed Opposition, Rhapsody showed why neither the NMPA settlement, the MMA, nor the costs Rhapsody paid may be included in the basket of class benefits. *See* Dkt. 310. The abridged version is that the evidence of record shows that the NMPA settlement and the MMA originated before this lawsuit was filed, *id.* at 3:1-11, and Plaintiffs cite no evidence in support of their argument that they "precipitated" either one. *See* Pltfs. Opp., Dkt. 309 at 5:19-6:1. Also, because Plaintiffs failed to place a value on them, or even explain how they benefited the class, these alleged benefits are hypothetical only, and the Ninth Circuit precludes courts from considering hypothetical benefits as a component of class relief. Dkt. 310. at 3:15-18. Finally, the costs at issue may not be counted towards fees in a non-common fund case. *Id.* at 3:21-4:6.

The NMPA and the MMA have been features of this case almost from day one—close to **eight years.** Plaintiffs discussed both when they first moved for fees almost four years ago. In that motion, they argued for a 2.87 multiplier of their lodestar, based partly on their claim that the NMPA and the MMA showed the "novelty and difficulty of this case." Dkt. 208 at 14:11-15:4. The Ninth Circuit's statement that, on remand, this Court should focus on the "approximately $50,000 paid to class members, along with any other benefits to the class," when read in light of the whole opinion, likely refers to the Court's decision to leave open whether or not **costs** Rhapsody paid could be counted as class relief for the purpose of assessing fees. It surely was not an invitation to plaintiffs to push a new theory of benefit that has always been available to them.

Plaintiffs fault Rhapsody for allegedly not citing authority to support its argument that costs cannot be a basis for fees in a non-common fund case. But Rhapsody has done so and has also explained why *Staton v. Boeing Co.*, 327 F. 3d 938 (9th Cir. 2003) and *Life Time Fitness, Inc. (TCPA ) Litig.,* 847 F. 3d 619 (8th Cir. 2017) do not support Plaintiffs' argument. *See* Dkt. 310 at 4:1-6. In ransom note fashion, Plaintiffs pluck words and phrases from several pages of *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F. 3d 935 (9th Cir. 2011) to argue this Court should— now—create a "constructive common fund" and add those costs to it. They leave out the language where the Ninth Circuit defines a fund as being a product of agreement, strarting with the parties

Case No. 4:16-CV-01135-JSW
DEFENDANT'S REPLY IN SUPPORT OF
CALCULATION OF FEES AFTER REMAND

agreeing to an amount for class relief.  *Id.* at 943.[1]  There is no such agreement here; this was a claims-made settlement.  There is no agreed-upon fund for class relief to which additional sums can be added to create a constructive fund.  Moreover, in *Bluetooth,* it was part of the mandate that the district court decide on remand whether there was a constructive fund.  *Id.* at 945. The Ninth Circuit did not so order here.

There is simply no basis for this Court to award Plaintiffs fees based on anything other than the $52,841.05 the class actually received.  Their demand for $1.2 million is based on no evidence and still amounts to 23 times the only proven class benefit.

DATED:  March 11, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Karin Kramer
Karin Kramer
*Attorneys for Defendant,*
*Rhapsody International, Inc.*

---

[1]  *Bluetooth* at 943:  "Several courts have embraced the constructive common fund approach, warning that 'private agreements to structure artificially separate fee and settlement arrangements' should not enable parties to circumvent the 25% benchmark requirement on 'what is in economic reality a common fund situation.' *In re Gen. Motors*, 55 F.3d at 821; *see Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir.1996) ('[I]n essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal.'); *cf. Manual for Complex Litig.* § 21.75 (4th ed. 2008) ('If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees ... the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class.')."